UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JAMES R. PICKENS                                                                PLAINTIFF

v.                                         NO. 4:18-CV-212-JLH-BD

NANCY A. BERRYHILL, Acting Commissioner,
Social Security Administration                                                 DEFENDANT

## RECOMMENDED DISPOSITION

The following Recommended Disposition (Recommendation) has been sent to Judge J. Leon Holmes. The parties may file written objections to all or part of this Recommendation if they disagree with its findings or conclusion. Objections should be specific and should identify the factual or legal basis for the objection. To be considered, objections must be filed with the Clerk of Court within 14 days of this Recommendation. If parties do not object, they may waive the right to appeal questions of fact.

I.    Background:

James Pickens applied for social security disability benefits with an alleged onset date of December 27, 2013. (R. at 187). After a hearing, the administrative law judge (ALJ) denied Mr. Pickens's applications. (R. at 33). Subsequently, the Appeals Council denied his request for review. (R. at 1). The ALJ's decision, therefore, now stands as the Commissioner's final decision. Mr. Pickens filed this appeal seeking judicial review.

II.   The Commissioner's Decision:

The ALJ found that Mr. Pickens had the following severe impairments: hypertension, degenerative disk disease at L4–L5, gout, chronic obstructive pulmonary

disorder (COPD), osteoarthritis, mild-to-moderate bilateral sensorineural hearing loss, anxiety, depression, and non-obstructive cardiomyopathy. (R. at 18). The ALJ concluded that Mr. Pickens had the residual functional capacity (RFC) to perform light work except that he was limited to work with simple tasks and simple instructions; and he was further limited to incidental contact with the public. (R. at 20). This RFC precluded Mr. Pickens's past relevant work. (R. at 31–32). The ALJ took testimony from a vocational expert (VE), who testified that a person with Mr. Pickens's age, education, work experience, and RFC would be able to perform other jobs in the economy, such as router, garment sorter, or nut and bolt assembler. (R. at 32–33). The ALJ held, therefore, that Mr. Pickens was not disabled within the meaning of the Social Security Act. (R. at 33).

III.  Discussion:

Mr. Pickens argues that the ALJ failed to fully and fairly develop the record; failed to properly evaluate his subjective complaints; and erred in his RFC determination. Because the ALJ erred in making his RFC determination, it is not necessary to reach Mr. Pickens's other points on appeal.

In this appeal, the Court must review the Commissioner's decision for legal error and assure that the decision is supported by substantial evidence on the whole record. *Brown v. Colvin*, 825 F.3d 936, 939 (8th Cir. 2016) (citing *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010)). Stated another way, the decision must rest on enough evidence that "a reasonable mind would find it adequate to support [the] conclusion." *Halverson*, 600 F.3d at 929. The Court will not reverse the decision, however, solely because there is

evidence to support a conclusion different from that reached by the Commissioner. *Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006).

A claimant's RFC must fully account for all of his or her impairments, whether severe or non-severe. *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir. 2008). By definition, a severe impairment is one that significantly limits a claimant's ability to engage in basic work activities. *Martise v. Astrue*, 641 F.3d 909, 923 (8th Cir. 2011).

Mr. Pickens argues that the ALJ erred in determining his RFC by failing to include limitations caused by his gout, hearing loss, and COPD. The Commissioner responds to this point by arguing that the record does not support such limitations.

The Commissioner's argument is not well taken because the ALJ found all three of these impairments to be severe. (R. at 18). The ALJ cannot plausibly find at step two that an impairment significantly limits a claimant and also disregard that impairment in determining the claimant's RFC. Had the ALJ not found the impairments severe, the Commissioner's argument would bear consideration. Because the ALJ explicitly found that gout, hearing loss, and COPD were severe impairments, he was obligated to account for limitations arising from those impairments in determining RFC.

The RFC limited Mr. Pickens to light work with simple tasks, simple instructions, and incidental contact with the public. (R. at 20). As Mr. Pickens correctly notes, there is no difference in the standing/walking requirements between light, medium, and heavy work, which all require six-to-eight hours of standing/walking in a typical eight-hour workday. *Titles II & XVI: Determining Capability to Do Other Work-the Med.-Vocational Rules of Appendix 2*, SSR 83-10 (S.S.A. 1983). The ALJ implicitly held that

Mr. Pickens had no limits on his ability to stand or walk, a finding that is at odds with the finding that gout was a severe impairment. Symptoms of gout include severe foot pain. (R. at 55–59, 445, 479, 505).

The ALJ also found that Mr. Pickens's hearing loss was a severe impairment; yet the RFC makes no allowance for hearing loss. The Commissioner has not explained how limiting Mr. Pickens to light work at simple tasks with incidental contact with the public sufficiently accounts limits attributable to hearing loss.

Finally, the ALJ failed to account for Mr. Pickens's severe COPD. Mr. Pickens argues that, because of his COPD, the ALJ should have included environmental limitations (restricting his exposure to pulmonary irritants) as a part of the RFC. The Commissioner does not argue that a limitation to light work accounts for COPD, but instead, argues that the evidence does not support including limitations related to COPD in the RFC. Again, this assertion is at odds with the ALJ's finding that Mr. Pickens's COPD was a severe impairment. There are no limitations in the RFC to account for COPD, and this is error.

A finding that an impairment is severe cannot square with a conclusion that it imposes no limitations. It is axiomatic that a severe impairment imposes limitations, and an impairment that imposes no limitations is not severe. The ALJ's decision is contradictory and, therefore, is not supported by substantial evidence.

IV.     Conclusion:

The ALJ erred in determining Mr. Pickens's RFC. For this reason, the case should be REVERSED and REMANDED to the Commissioner with instructions to develop the record as necessary and to reconsider Mr. Pickens's RFC.

Dated this 15th day of March, 2019.

_____
UNITED STATES MAGISTRATE JUDGE